IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO CLEARING SERVICES, LLC, d/b/a WELLS FARGO ADVISORS, </br></br> Plaintiff, </br></br> v. </br></br> GATHERING FOR WOMEN, *et al.*, </br></br> Defendants. | ) ) ) ) ) ) ) ) CIVIL CASE NO. 2:24-cv-504-ECM ) [WO] ) ) ) ) |

**O R D E R**

Before the Court are two joint motions filed by the parties: (1) a revised motion for entry of consent judgment (doc. 43) and (2) a motion for disbursement of interpleader funds (doc. 51). The parties' joint motion for disbursement asks the Court to "(1) disburse the interpleader funds pursuant to 28 U.S.C. [§] 1335, and (2) enter an order dismissing the action with prejudice pursuant to . . . Federal Rule[] of Civil Procedure [41(a)(1)(A)(ii)]." (Doc. 51 at 1). The Court construes the parties' joint motion for disbursement as containing a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*Id.*). All parties signed and agreed to the terms for the disbursement of the interpleader funds.[1] (*Id.* at 3–4; doc. 51-1). Thus, the parties' stipulation "is self-executing and dismisses the case

---

[1] The parties agree that the Plaintiff's counsel is entitled to attorney fees. (Doc. 51 at 2, para. 4). "In an interpleader action, . . . attorney[] fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). The Plaintiff's counsel provided an affidavit detailing the total fees and expenses incurred. (Doc. 43-2 at 2–4). Because the parties stipulate to the award and provided sufficient evidence for its justification, the Court finds no reason to disturb the parties' terms.

upon its becoming effective." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).

Upon consideration of the parties' joint stipulation of dismissal (doc. 51), which comports with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), this action has been DISMISSED with prejudice by operation of Rule 41, on the terms agreed to and set out by the parties. Consistent with the terms of the parties' agreement, it is ORDERED as follows:

1. The parties' joint motion for disbursement of interpleader funds (doc. 51) is GRANTED.

2. The Clerk of the Court is DIRECTED and AUTHORIZED to release all funds—$310,492.23[2]—and any accrued interest[3] held in the Court's registry and distribute the funds as follows:

---

[2] The parties ask the Court to disburse the funds as follows: (1) 50% to Defendant Gathering for Women; (2) 12.5% to Defendant William W. Curtis; (3) 12.5% to Defendant Diane Curtis; and (4) 25% to Defendant Monterey County Land Watch. (*See* doc. 51 at 2, para. 3). Further, the parties ask the Court to disburse $12,000 in attorney fees to the Plaintiff's counsel as follows: (1) $8,000 from Defendant Gathering for Women's share and (2) $4,000 from Monterey County Land Watch's share. (*Id.* at 2, para. 4). The Court's registry currently holds $310,492.23 plus any accrued interest. (*See* doc. 50). The parties' proposed calculations include disbursing "$147,246.**115**" to Defendant Gathering for Women. (Doc. 51-1 at 1, para. 1(a)) (emphasis added). The parties' proposed plan only distributes $310,492.**215**—1.5 cents less than the amount held in the Court's registry (before any accrued interest). Because the Clerk of the Court cannot distribute half cents, the Court's figures will differ from the parties' proposal. (*See id.* at 1–2). The Court evaluated the percentage allocations in the parties' agreement and finds that 12.5% of the registry funds equals $38,811.5288. Thus, the Court "rounded up" to disburse 53 cents (instead of the 52 cents sought) to both Defendant William W. Curtis and Defendant Diane Curtis. Additionally, the Court "rounded down" Defendant Gathering for Women's share from $147,246.**115** to $147,246.11—a half cent decrease. The figures disbursed above equal the amount of funds held in the Court's registry before any accrued interest—$310,492.23.

[3] Any accrued interest shall be distributed in accordance with the parties' agreement: (1) 50% to Defendant Gathering for Women; (2) 12.5% to Defendant William W. Curtis; (3) 12.5% to Defendant Diane Curtis; and (4) 25% to Defendant Monterey County Land Watch. (Doc. 51 at 2, para. 3). Because the parties' agreement contemplates disbursing fixed amounts for the attorney fees, interest will not be disbursed to the Plaintiff's counsel.

a. $147,246.11 plus any accrued interest shall be distributed to Defendant Gathering for Women;

   i. The funds shall be disbursed by check payable to "Gathering for Women – Monterey" and delivered to **P.O. Box 601, Monterey, CA 93942**.

b. $38,811.53 plus any accrued interest shall be distributed to Defendant William W. Curtis;

   i. The funds shall be disbursed by check payable to "William Curtis" and delivered to his counsel, **Samford & Denson, LLP** at the following address: **Blake Oliver at P.O. Box 2345, Opelika, AL 36803-2345**.

c. $38,811.53 plus any accrued interest shall be distributed to Defendant Diane Curtis;

   i. The funds shall be disbursed by check payable to "Diane Curtis" and delivered to her counsel, **Samford & Denson, LLP** at the following address: **Blake Oliver at P.O. Box 2345, Opelika, AL 36803-2345**.

d. $73,623.06 plus any accrued interest shall be distributed to Defendant Monterey County Land Watch;

   i. The funds shall be distributed by check payable to "Monterey County Land Watch" and delivered to **P.O. Box 1876, Salinas, CA 93902**.

  e. $12,000 shall be distributed to the Plaintiff's counsel, Burr & Forman LLP;

    i. The funds shall be distributed by check payable to "BURR & FORMAN LLP as Counsel for Wells Fargo Clearing Services LLC" and delivered to **Ben Clark, 420 N. 20th Street, Suite 3400, Birmingham, AL 35203**.

3. The parties' revised joint motion for entry of consent judgment (doc. 43) is DENIED as moot.

4. All pending hearings and deadlines are terminated.

5. The Clerk of the Court is DIRECTED to close this case.

DONE this 14th day of November, 2025.

        /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE